IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF OHIO
AT CINCINNATI

| | | |
|---|---|---|
| **GARY LOVATO** | : | |
| Plaintiff, | : | Case No. 1:20-cv-420 |
| vs. | : | |
| **LIFE INSURANCE COMPANY OF NORTH AMERICA** | : | |
| Cigna Legal Attention: Donna Gaudet | : | |
| Incoming Legal Coordinator 900 Cottage Grove Rd., B6LPA | : | |
| Hartford, CT 06152 | | |
| and | : | |
| **TRUSTEE OF THE GROUP INSURANCE TRUST FOR EMPLOYERS IN THE CONSTRUCTION INDUSTRY** | : | **COMPLAINT FOR DISABILITY BENEFITS UNDER ERISA** |
| Cigna Legal Attention: Donna Gaudet | : | |
| Incoming Legal Coordinator 900 Cottage Grove Rd., B6LPA | : | |
| Hartford, CT 06152 | | |
| | : | |
| Defendants. | | |

**JURISDICTION AND VENUE**

1. Jurisdiction of the Court is based upon the Employee Retirement Income Security

1

Act of 1974 (ERISA) and, 29 U.S.C. § 1132(e)(1) and 1132(f).  These provisions give district courts' jurisdiction to hear civil actions brought to recover benefits due under the terms of Employee Welfare Benefit Plans.  In this case, Plaintiff, Gary Lovato, asserts a claim for group disability benefits available under Plan provided for employees of The Heating and Air Conditioning Contractors Trust for Independent Franchises of Ingersoll-Rand known as Group Insurance Trust for Employers in the Construction Industry.   The Plan and Policy documents should be included in the Administrative Record that will be filed with this Court; the documents are too voluminous to file.   This action may be brought before this Court pursuant to 28 U.S.C. § 1331 which gives district courts' jurisdiction over actions that arise under the laws of the United States.

2. The ERISA statute provides, at 29 U.S.C. § 1133, for a mechanism for administrative or internal appeal of benefit denials.  Plaintiff has exhausted these avenues of appeal.

**NATURE OF ACTION**

3. Plaintiff, Gary Lovato, seeks an award of disability benefits, pursuant to an Employee Welfare Benefit Plan ("Plan") providing group disability benefits to employees of The Heating and Air Conditioning Contractors Trust for Independent Franchises of Ingersoll-Rand. This action seeking recovery of benefits is brought pursuant to § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B).  Plaintiff also seeks to enforce the right to future benefits and to require Defendants to account for past benefits and pay future benefits.

## THE PARTIES

4. Plaintiff is now disabled but was an active employee under the Plan and eligible for benefits as a qualified employee when his medical condition deteriorated and he could no longer work. Venue is proper in the Southern District of Ohio, Western Division at Cincinnati, because Life Insurance Company of North America, a Cigna Company, may be found in this district. Life Insurance Company of North America, a Cigna Company, conducts ongoing business with Hamilton County, Ohio residents, employs Hamilton County, Ohio residents and has extensive contacts within Hamilton County, Ohio. Additionally, the Plaintiff is a resident and citizen of the United States and the State of Ohio and a participant in the Plan.

5 At all times relevant hereto, the long-term disability Plan constituted an "Employee Welfare Benefit Plan" as defined by 29 U.S.C. § 1002(1). While employed, Plaintiff became disabled and has coverage under the Plan as an employee because she was a participant as defined by 29 U.S.C. § 1002(7). This claim is for and relates to benefits under the foregoing Plans.

6. The Plan's "Claim Administration" for long-term disability is run by a Plan Fiduciary, which, upon information and belief, is Life Insurance Company of North America, a Cigna Company (hereinafter "LINA"). Upon information and belief, long-term disability benefits are paid through a contract of insurance issued by LINA.

## THE EMPLOYEE WELFARE BENEFIT PLAN

7. At all times relevant Plaintiff was a qualified beneficiary under The Heating and Air Conditioning Contractors Trust for Independent Franchises of Ingersoll-Rand and was a plan participant in the Plan established by The Heating and Air Conditioning Contractors Trust for Independent Franchises of Ingersoll-Rand under ERISA.

8. The Trustee of the Group Insurance Trust for Employers in the Construction Industry is the Plan Administrator and Policyholder of the LINA policy which provides long-term disability benefits.

9. The Plan Administrator has selected Life Insurance Company of North America, a Cigna Company, as claims administrator (hereinafter "LINA").

10. The Heating and Air Conditioning Contractors Trust for Independent Franchises of Ingersoll-Rand and LINA are fiduciaries pursuant to 29 U.S.C. § 1133(2) and 29 C.F.R. § 2560.503-1(g) (1999) and/or "deemed fiduciaries" pursuant to 29 U.S.C. § 1002(21)(A) and 29 C.F.R. § 2560.503-1(g)(2) (1999).

## STATEMENT OF FACTS / HISTORY OF CLAIM

11. Plaintiff was employed by a participating member of The Heating and Air Conditioning Contractors Trust for Independent Franchises of Ingersoll-Rand as a "Service Engineer", a medium in physical demand occupation, until November 30, 2015, when he became disabled due to impingement syndrome - bilateral shoulders; bicep tendon tear; neuropathy in his

4

feet, legs and hands; diabetes; migraines; coronary artery disease; and hypertension.  Mr. Lovato underwent left shoulder surgery in March 2019.

12. Plaintiff was required to complete a thirty (30) day Elimination Period prior to receiving long-term disability benefits.  That thirty (30) day period ran from November 30, 2015 through December 30, 2015.

13. Plaintiff was paid long-term disability benefits for the inability to perform his "own occupation" from December 31, 2015 through December 30, 2017.

14. Long-term disability benefits under the "any occupation" definition of disability were paid by LINA from December 31, 2017 through December 30, 2018.

15. The definition of disability that Plaintiff must meet in the LINA policy reads that a claimant must be, "unable to perform all the material duties of any occupation for which he or she is, or may reasonably become, qualified for based on education, training or experience; and unable to earn 60% of more of his or her Indexed Earnings."

16. On July 6, 2018, LINA advised Plaintiff that the change in definition occurred on December 31, 2017, and that they were beginning their review to determine whether he met the definition of disability.

17. On November 7, 2018, LINA issued its initial denial of long-term disability benefits. This denial was based upon a Nurse Case Manager review and a file review completed by Anthony Watson, M.D., who provided restrictions and limitations that included occasional reaching overhead with both upper extremities without load; lift/carry up to 10 pounds; push/pull up to 25 pounds at or below waist level; climb ladders and crawl. Dr. Watson provided no restrictions for sitting, standing, walking, reaching at or below desk/waist level, use of both hands in any manner, climbing stairs, balancing, stooping, crouching, squatting, kneeling or use of bilateral foot controls.

18. LINA conducted a Transferable Skills Analysis on October 25, 2018 and determined that Plaintiff would be capable of performing sedentary occupations like Estimator or Drawings Checker, Engineering.

19. On December 6, 2018, LINA received forms completed by Plaintiff's treating physician's office and determined that the forms did not contain information that would change their prior decision to deny benefits.

20. Plaintiff filed an appeal which included an appeal letter, medical records and forms. In response to Plaintiff's appeal, LINA had three (3) file reviews completed. On February 19, 2019, psychiatrist Steven Sang-Hyun Koh, M.D., opined that there were no restrictions or limitations based on mental health diagnoses. On February 20, 2019, orthopedic physician, Darryl B. Thomas, M.D., opined that there were no restrictions and limitations based on orthopedic

diagnoses. On March 7, 2019, occupational medicine physician, Kevin Smith, M.D., opined that there were no restrictions and limitations that applied to Plaintiff.

21. On March 8, 2019, LINA issued its second denial of benefits.

22. Plaintiff appealed the denial again on April 3, 2019, and included a Physical Ability Assessment and Medical Request form completed by Plaintiff's orthopedic physician, Jonathan Paley, M.D which provided restrictions and limitations below a sedentary level; a Physical Ability Assessment and Medical Request form completed by Ray Kyle-Stewart, NP which also provided restrictions and limitations that fell under a sedentary capacity; and an operative report from left shoulder surgery dated March 11, 2019.

23. In response, LINA had three (3) more file reviews completed. On May 10, 2019, Michael Chen, M.D., an orthopedic surgeon, opined that from December 30, 2018 through March 10, 2019, Plaintiff would have been "moderately functionally limited" which included restrictions that included an occasional ability to lift and carry up to 10 lbs., pushing and pulling up to 20 lbs., climbing stairs and ladders, stooping, kneeling, crouching and reaching overhead and below waist.

24. On May 17, 2019, Warren Taff, M.D., a psychiatrist, opined no restrictions and limitations from mental health diagnoses and on May 20, 2019, Roger Belcourt, M.D., an occupational medicine physician, opined no restrictions and limitations existed for Plaintiff's other medical conditions consisting of coronary artery disease, hypertension, hyperlipidemia, and Type I diabetes.

25. LINA's vocational employees conducted another Transferable Skills Analysis on May 30, 2019 and determined that Plaintiff would be capable of performing the sedentary occupations of Estimator and Drawings Checker, Engineering.

26. LINA issued its final denial on June 28, 2019, which indicated that Plaintiff had exhausted his administrative remedies.

## CAUSE OF ACTION I
## CLAIM FOR BENEFITS UNDER 502(a)(1)(B)

27. Plaintiff incorporates as if fully restated herein the allegations in paragraphs 1 through 26 of the Complaint.

28. Defendants LINA and the Plan failed to exercise the statutorily required duty of care and prudence, failing to administer the long term disability Plan solely in the interests of the participants and beneficiaries as required under 29 U.S.C. § 1104(a)(1), and by denying the benefits to the Plaintiff contrary to the law and terms of the Plan. LINA and the Plan have arbitrarily ignored and selectively reviewed documents Plaintiff has submitted and has failed to provide a full and fair review.

29. Defendant LINA has an inherent "conflict of interest" in its long term disability plan, as it has a dual role as both evaluator and payor of benefit claims, which is to be considered as a factor in the review of any benefit determination. The conflict of interest effected the decision to deny benefits. The conflict allowed LINA to use its own frequently retained consultants, full time medical employees and nurse reviewers and created an overreliance on non-examining

physicians' opinions. LINA's medical employees disregarded relevant evidence submitted by Mr. Lovato with no explanation and denied benefits without using a reasoned process.

30. While Defendant LINA may have the authority to make claims determinations under applicable law and the language of the Policy, LINA's determinations as Plan Fiduciary are not entitled to deference and the review of any benefits determination must be made *de novo*.

31. As a full *de novo* review of this decision and the evidence in the claim file is required by statute, this Court may not abrogate its duty to perform such a review. Any failure to provide such a review would violate the US Constitution and deprive Plaintiff of constitutional rights, including under Article III and the principles of separation of powers, amongst others.

32. If the Court determines that an arbitrary and capricious standard of review applies to this case rather than a *de novo* standard, LINA's denial of benefits must be overturned due to the faulty evaluation, confusing methods and below market standards employed by LINA in the evaluation of evidence. Standards applicable under ERISA, including as enumerated by this Court, the Sixth Circuit Court of Appeals and the United States Supreme Court have been violated by LINA and an examination of the record reveals that LINA's decision to discontinue benefits is not the result of a reasoned process and that it is, therefore, arbitrary and capricious.

33. LINA and the Plan have violated their duty to provide a full and fair review of claimant's evidence by engaging in the following acts: 1) Defendants have ignored overwhelming objective and clinical evidence supplied by Plaintiff which supports his disability; 2) Defendants

have improperly relied upon conclusion based peer reviews which failed to address the claimant's actual limitations, which included pain, fatigue, weakness and an inability to persist; 3) Defendants have engaged in a selective review of evidence presented by the claimant by ignoring the conclusions and clinical data offered by his treating physicians; 4) Defendants retained the ability to complete a physical exam of Plaintiff, but rather chose to rely on file review reports; and 5) Defendants have created a false construct of occupational readiness to support a denial of benefits.

34. Plaintiff has exhausted his administrative remedies and the Plan still wrongfully denies benefits to which he is entitled.

35. ERISA requires that an Employee Welfare Benefit Plan be established and maintained pursuant to a written instrument, 29 U.S.C. § 1192(a)(1).

36. The disability Plan under which the Plaintiff Gary Lovato was a participant at the time of his disability should be included in the Administrative record filed with this Court as those documents set forth the sole criteria for benefits for the Plaintiff.

37. ERISA provides that an Employee Benefit Welfare Plan shall be established and maintained pursuant to 29 U.S.C. § 1192(a)(1). Under the terms of the Plan, to be filed with the Administrative record, the termination of Plaintiff's benefits was clearly unreasonable and without basis.

38. The Plan Administrator, the Plan and LINA failed to provide a full and fair review under 29 CFR 2560.503-1 thereby depriving Plaintiff of his due process. See 29 CFR 2560.503-1(g)(1)(v)(A)&(B) and 29 U.S.C. §1132(a). The Code of Federal Regulations requires an adequate explanation of why the claimant's evidence was insufficient to award benefits. LINA offered no explanation of why claimant's evidence was insufficient or why the evidence created by non-examining physicians was more reliable. Failure to comply with the Code of Federal Regulations' requirements deprived Mr. Lovato of valuable due process protection.

39. Plaintiff is entitled to benefits and benefits are due and owing to Plaintiff from Defendants in an amount not yet ascertainable. Plaintiff seeks the payment of these benefits under 29 U.S.C. § 1132(a)(1).

**WHEREFORE**, Plaintiff, Gary Lovato, prays for the following relief:

A. That the Court enter judgment in Plaintiff Lovato's favor and against Defendants LINA and the Plan and that the Court order the Defendants to account and pay disability income benefits to Plaintiff Lovato in an amount equal to the contractual amount of benefits to which Lovato is entitled;

B. That the Court order Defendants LINA and the Plan to pay Lovato's pre- and post judgment interest on all benefits that have accrued prior to the date of judgment and enter judgment accordingly and that the Court reserve jurisdiction to enforce the equitable decree;

C. That the Court award the Plaintiff his attorney fees pursuant to 29 U.S.C. § 1132(g); and

    D.       That Plaintiff recovers all other relief to which he may be entitled, as well as the costs of the suit.

Dated this 26th day of May, 2020.

Respectfully submitted,

*/s/ Joseph P. McDonald*

Joseph P. McDonald (OH 0055230)
McDonald & McDonald Co., L.P.A.
200 E. Spring Valley Rd, Suite A
Dayton, OH  45458
Tel: 937-428-9800; Fax: 937-347-5441
Email:  joseph@mcdonaldandmcdonald.com
Attorney for Plaintiff, Gary Lovato